**United States Bankruptcy Court**
**District of South Dakota**



Charles L. Nail, Jr.
Bankruptcy Judge

───────────────────────────────────────────────

Federal Building and United States Post Office
225 South Pierre Street, Room 211
Pierre, South Dakota 57501-2463

Telephone: (605) 945-4490
Fax: (605) 945-4491

November 7, 2008

Lee Ann Pierce
Chapter 7 Trustee
Post Office Box 524
Brookings, South Dakota 57006

Patsy Bailey
873 Crouch Road
Victoria, Texas 77905

    Subject:    ***Lee Ann Pierce, Trustee v. Patsy Bailey (In re Marty J. Banghart)***
                      Adv. No. 08-4040; Chapter 7; Bankr. No. 05-41820

Dear Trustee Pierce and Ms. Bailey:

    The matter before the Court is Trustee-Plaintiff Lee Ann Pierce's Motion for Judgment on the Pleadings. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As discussed below, Trustee Pierce's motion will be denied, and judgment will be entered for Defendant Patsy Bailey.

    **Summary.** The facts are undisputed. On June 18, 2004, Marty J. Banghart ("Debtor") and Ms. Bailey entered into a "Private Party Agreement," pursuant to which Debtor borrowed $12,000.00 from Ms. Bailey and in return pledged as collateral certain real property in Douglas County, South Dakota. Ms. Bailey did not record the agreement in Douglas County. On October 3, 2005, Debtor filed for relief under chapter 7 of the bankruptcy code.

    On June 16, 2008, Trustee Pierce filed a motion to sell the real property described in the agreement. Ms. Bailey objected to the proposed sale. Following a hearing, the Court entered an order approving the sale on the condition Trustee Pierce hold the proceeds pending an adversary proceeding to determine whether Ms. Bailey held an enforceable secured interest in the real property that would transfer to the proceeds of sale.

    On September 3, 2008, Trustee Pierce filed a complaint to determine the validity of Ms. Bailey's lien against the real property. Trustee Pierce's complaint was

Re: *Pierce v. Bailey*
November 7, 2008
Page 2

titled, "Complaint to Determine Validity of Lien and/or to Avoid Lien in Real Estate." However, nowhere in the complaint did Trustee Pierce ask the Court to avoid Ms. Bailey's lien. On September 19, 2008, Ms. Bailey filed an answer to Trustee Pierce's complaint, to which she attached various documents, including her agreement with Debtor.

On October 6, 2008, Trustee Pierce filed both a motion for judgment on the pleadings and a motion for summary judgment. On that same date, the Court entered an order setting a deadline for Ms. Bailey to respond to Trustee Pierce's motion for judgment on the pleadings.[1] On October 27, 2008 Ms. Bailey filed a response to Trustee Pierce's motion for summary judgment.[2] The matter was taken under advisement.

**Judgment on the Pleadings.** In considering a motion for judgment on the pleadings, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citing *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996))). The Court may grant the motion "'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'" *Waldron*, 388 F.3d at 593 (quoting *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (citing *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993))).

**Discussion.** By her complaint, Trustee Pierce is asking the Court to determine whether on October 3, 2005, the date on which Debtor filed his petition for relief under chapter 7, Ms. Bailey held a valid lien against the real property described in Trustee Pierce's complaint. Trustee Pierce does not dispute Ms. Bailey's claim that she lent Debtor money or challenge the legitimacy, sufficiency, or validity of Ms. Bailey's agreement with Debtor. She instead argues because Ms. Bailey failed to record the parties' agreement with the Douglas County Register of Deeds, the debt

---

[1] The order also provided Trustee Pierce's motion for summary judgment would be held in abeyance pending resolution of Trustee Pierce's motion for judgment on the pleadings.

[2] Technically, Ms. Bailey should have filed a response to Trustee Pierce's motion for judgment on the pleadings. However, in the interests of justice, the Court will consider the arguments Ms. Bailey raised in her response to Trustee Pierce's motion for summary judgment in ruling on Trustee Pierce's motion for judgment on the pleadings.

Re: *Pierce v. Bailey*
November 7, 2008
Page 3

owed Ms. Bailey is unsecured.  Ms. Bailey does not disagree with Trustee Pierce's recitation of the facts.  She disagrees only with Trustee Pierce's conclusion.

In her motion for judgment on the pleadings, Trustee Pierce cited no authority in support of the proposition that a failure to record a lien automatically renders the underlying debt unsecured.[3]  The Court was unable to find any such authority.

Under South Dakota law, "[a]n unrecorded instrument is valid as between the parties thereto and those who have notice thereof."  S.D.C.L. § 43-28-14.  *See The Schleuter Company, Inc. v. Sevigny*, 564 N.W.2d 309, 312 (S.D. 1997)("[T]he unrecorded contract for deed was binding on the parties[.]").  An unrecorded lien *is* "void as against any subsequent purchaser or encumbrancer including an assignee of a mortgage, lease, or other conditional estate of the same property, or any part thereof in good faith and for a valuable consideration whose conveyance is first duly recorded."  S.D.C.L. § 43-28-17 (in pertinent part).  However, Trustee Pierce is neither a subsequent purchaser nor an encumbrancer.

Under the bankruptcy code, a trustee can step into the shoes of such a good faith purchaser or encumbrancer.

> The trustee shall have, as of the commencement of the case, *and without regard to any knowledge of the trustee or of any creditor*, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by –
> . . .
>
> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a) (emphasis added).  *See, e.g., Cox v. Griffin* (*In re Griffin*), 319 B.R. 609 (B.A.P. 8th Cir. 2005); *Williams v. Marlar* (*In re Marlar*), 252 B.R. 743 (B.A.P. 8th Cir. 2000).  However, Trustee Pierce has not requested such relief.  Moreover, inasmuch as she commenced the instant adversary proceeding more than two years after the order for relief in Debtor's bankruptcy case and more than one year after her

---

[3] In her motion for summary judgment, Trustee Pierce cited S.D.C.L. § 44-8-11 for the proposition a mortgage must be recorded.  The Court does not read § 44-8-11 so broadly.

Re: *Pierce v. Bailey*
November 7, 2008
Page 4

appointment as trustee in that case, it does not appear Trustee Pierce *can* request such relief.  11 U.S.C. § 546(a).

For the foregoing reasons, the Court concludes while Trustee Pierce has demonstrated there are no material issues of fact, she has not demonstrated she is entitled to judgment as a matter of law.  In fact, the only way Trustee Pierce could prevail in this matter is if she persuaded the Court to avoid Ms. Bailey's mortgage lien.  However, she is time-barred from seeking that relief.  Consequently, Ms. Bailey is entitled to judgment. *See McClure v. American Family Mutual Ins. Co.*, 223 F.3d 845, 856 (8th Cir. 2000) ("A court has inherent power to grant dispositive motions *sua sponte* 'so long as the losing party was on notice that she had to come forward with all of her evidence.'") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)); *Cincinnati Ins. Co. v. Leighton*, 403 F.3d 879, 885 (7th Cir. 2005)("The fact that [plaintiff] had filed its own motion for summary judgment – in which it maintained that no disputed issues of material fact existed – put it on notice that summary judgment for either party was a possibility.") (citing *inter alia Advantage Consulting Group, Ltd. v. ADT Security Systems, Inc.*, 306 F.3d 582, 588 (8th Cir. 2002)).

The Court will therefore enter an order denying Trustee Pierce's motion for judgment on the pleadings and directing the entry of judgment for Ms. Bailey.  That judgment will provide Ms. Bailey held a valid mortgage lien against the real property described in Trustee Pierce's complaint on the date Debtor filed his petition to the extent of sums due and owing under the "Private Party Agreement" between Ms. Bailey and Debtor.  It will also provide Ms. Bailey's mortgage lien attached to the proceeds of Trustee Pierce's sale of the subject real property pursuant to the Court's Order Regarding Trustee's Motion for Authorization to Sell Real Property by Private Sale (doc. 83) in Bankr. No. 05-41820.[4]

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)
This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

cc:   adversary file (docket original in adversary; serve copies on parties)

---

[4] The Court's decision renders moot Trustee Pierce's motion for summary judgment.